IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KATHLEEN WAGNER,

                Plaintiff,                      ORDER

v.

                                        13-cv-497-jdp

PFIZER INC., TEVA PHARMACEUTICAL
INDUSTRIES, LTD., WYETH LLC, GREENSTONE LLC,
PHARMACIA LLC, WYETH PHARMACEUTICALS INC.,
ESI LADERLE, DURAMED PHARMACEUTICALS, INC.,
and PHARMACIA AND UPJOHN COMPANY LLC,

                Defendants.

---

        On January 23, 2015, the court reset the deadlines in this case for the second time. Dkt. 63. The court's revisions provide the parties the opportunity to disclose their experts before the dispositive motion deadline, but maintain the original trial date. After the court adjusted the schedule, plaintiff Kathleen Wagner moved the court to reconsider its order and to issue a protective order for her medical records. Dkt. 64. Plaintiff also moved to file a reply brief on the same issues. Dkt. 73. The court will permit the reply, but deny the motion to reconsider. Defendants also filed yet another motion to modify the deadlines in this case to stagger the expert disclosure deadlines. Dkt. 70. That motion will be denied as well.

        As the court noted in its earlier order, "both sides bear responsibility for failing to move this case along." Dkt. 63. The court will not modify the schedule again to address concerns that the parties should have foreseen long ago. Fed. R. Civ. P. 16(b); *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995) ("Federal district courts have the inherent power to administer their dockets so as to conserve scarce judicial resources."). The deadlines announced in the previous order, Dkt. 63, will remain unchanged.

With regard to plaintiff's request that the court issue a protective order for her medical records, the court appreciates plaintiff's concerns regarding collection by The Marker Group. However, defendants have agreed to follow plaintiff's proposed solution, as provided in Dkt. 68-2, and use their local counsel to collect her records instead. Dkt. 67, at 6. It appears that this concession renders plaintiff's motion for a protective order moot and her motion will be denied on that basis. If plaintiff still harbors concerns over the collection of her medical records by local counsel and defendants' accommodation does not satisfy plaintiff, she is invited to again move the court for relief.

Entered February 13, 2015.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge